IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AMIN MOHAMMAD,**

    **Petitioner,**

  v.                        **CIVIL ACTION NO. 2:09cv71**
                                 **(Judge Maxwell)**

**JOEL ZIEGLER,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On June 15, 2009, the petitioner, through counsel,[1] filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 27, 2009, the petitioner was granted leave to proceed *in forma pauperis*.

### I. PETITION

The petitioner is a federal prisoner currently incarcerated at FCI Morgantown which is located in Morgantown, West Virginia. The petitioner alleges that on June 2, 2009, he appeared

---

[1] The petition was filed by Joseph Dubyak. Mr. Dubyak is not admitted to practice before this Court, and therefore, an Application for Admission Pro Hoc Vice was mailed to him. Because Mr. Dubyak did not complete the required Application, an Order was entered on July 9, 2009, and sent by certified mail. The Order directed Mr. Dubyak to complete and submit the Application together with the requisite $50 fee within eleven days of service of the Order. Although it appeared from the tracking information, that the order was delivered on July 11, 2009, the Postal Service neglected to have the certified mail receipt signed or returned to the Clerk's office. Accordingly, a second order was sent by certified mail, return receipt requested on August 21, 2009. Service was accepted on August 25, 2009, and as a date of this Report and Recommendation, Mr. Dubyak has failed to comply with requirements for admission *Pro Hoc Vice*.

before a Disciplinary Hearing Officer ("DHO"). He alleges that the DHO found him not guilty of the "serious charge" but guilty of a lesser charge. The petitioner asserts that he was sanctioned to a loss of commissary privileges and a loss of visitation rights for thirty days.[2] The petitioner alleges that upon termination of the hearing, he was returned to the Special Housing Unit ("SHU"). The petitioner maintains that he asked for grievance forms on the 4th, 5th and 19th days of June, 2009, and also asked to be released from solitary confinement. As relief, the petitioner is seeking an order directing the Warden to remove him from the SHU and return him to regular prisoner housing.

## II. ANALYSIS

The petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his federal custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[3] and pay the $350.00 filing fee.

## III. RECOMMENDATION

---

[2] However, the petitioner makes no claim that he lost any good conduct time.

[3] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

2

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED** without prejudice to the respondent's right to file a Bivens action. It is further recommended that the Court disqualify Mr. Dubyak as counsel, and the petitioner be deemed to be representing himself, pro se.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 14, 2009.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE